UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY WILLIAMS,

      Plaintiff,

v.                                                                    Case No. 8:21-cv-1424-KKM-SPF

TAMPA BAY EXTENDED
STAY HOTEL,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court construes as a motion for leave to proceed *in forma pauperis.*  Plaintiff seeks a waiver of the filing fee for her complaint (Doc. 1).  However, because Plaintiff removed her own action from state court, this Court lacks subject matter jurisdiction.  As such, the undersigned recommends that this action be remanded to the Sixth Judicial Circuit Court in and for Pinellas County, Florida.

### I.    Background

On June 11, 2021, Plaintiff filed a complaint alleging racial discrimination under Title II of the Civil Rights Act of 1964 and the Federal Fair Housing Act, as well as state law claims of "business tort" pursuant to the Florida Deceptive and Unfair Trade Practices Act and premises liability (Doc. 1).  Upon closer review, however, Plaintiff's filings reveal that she originally filed this action in the Sixth Judicial Circuit Court in and for Pinellas County, Florida, which she herself then removed to this Court "due to the alleged violation being a federal violation."  *See* Doc. 1-1 (civil cover sheet filed by Plaintiff reflecting origin of this

action as "Removed from State Court"); Doc. 1-2 (state action docket sheet); *see also Williams v. Tampa Bay Extended Stay Hotel*, No. 20-005870-CI, Sixth Judicial Circuit in and for Pinellas County, Florida, Doc. 14 dated May 12, 2021 (Plaintiff's Notice of Removal filed in the state action indicating that "Brittany Williams (Plaintiff) has removed this case from state court to the Middle District Federal Court due to the alleged violation being a federal violation.").[1]

## II.    Discussion

It is well-settled that the right, conferred by the federal removal statutes, to remove an action from a state court to federal district court is granted only to a *defendant*.  *See generally* 28 U.S.C. § 1441(a) (providing that certain state court civil actions "may be removed by the defendant or the defendants"); 28 U.S.C. § 1443 (providing that certain state court civil actions or criminal prosecutions "may be removed by the defendant"); 28 U.S.C. § 1446 (outlining procedure for removal of civil actions by the "defendant or defendants").  There is no statutory authority allowing a plaintiff, the party that chose to initiate litigation in the state forum, to remove her own action to federal court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-05 (1941); *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1048 (11th Cir. 2001) ("The defendants' right to remove a case is their right alone.") (quotations and citation omitted); *accord Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1248 (9th Cir. 1999) ("The right to remove a case from state to federal court is vested

---

[1] The Court takes judicial notice of the electronic state court docket entries, and Plaintiff's Notice of Removal attached hereto as Exhibit 1.  *See Mathieson v. Wells Fargo Bank, NA*, No. 8:20-cv-2728-WFJ-SPF, 2021 WL 877698, at *5 n.10 (M.D. Fla. Mar. 9, 2021) (taking judicial notice of the electronic state court docket entries) (citing *Ates v. Fla.*, 794 F. App'x 929, 930 (11th Cir. 2020) (affirming district court's taking judicial notice of electronic state court docket entries)).

exclusively in 'the defendant or the defendants…'") (citing 28 U.S.C. § 1441(a)); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*."); *Dirden v. State of Fla.*, No. 3:21-cv-83-MCR-EMT, 2021 WL 1723241, at *3 (N.D. Fla. Jan. 29, 2021) (finding the court lacked jurisdiction because the plaintiff lacked the authority to remove his own action), *report & recommendation adopted,* 2021 WL 1721584 (N.D. Fla. Apr. 29, 2021); *Morris v. James*, No. 2:11-cv-1051-TMH, 2011 WL 7069452, at *1 (M.D. Ala. Dec. 15, 2011) ("The removal statutes intentionally 'restrict the right [of removal] to the party who had no choice of forum.'") (alteration in the original; citations omitted); *Seminole Cnty. v. Pinter Enters., Inc.*, 184 F. Supp. 2d 1203, 1207 (M.D. Fla. 2000) ("[O]nly defendants may remove an action from state to federal court.").

As such, this Court lacks subject matter jurisdiction over this action, and "the plain language of 28 U.S.C. § 1447(c) mandates that the matter be remanded to the state court from which it was removed." *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added).  Despite the apparent futility of Plaintiff's claims as pleaded, "when a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility…. Whether the matter is justiciable under state law is a matter for the state court to decide." *Bromwell*, 115 F.3d at 214; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

3

For these reasons, it is hereby

**RECOMMENDED:**

1.      This action be remanded to the Sixth Judicial Circuit Court in and for Pinellas County, Florida pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

2.      The Clerk be directed to close this case.

**IT IS SO REPORTED** in Tampa, Florida, on September 28, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.