UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY WILLIAMS,

    Plaintiff,

v.                                            Case No. 8:21-cv-1424-KKM-SPF

TAMPA BAY EXTENDED STAY
HOTEL,

    Defendant.
_____

## ORDER

Brittany Williams alleges that Tampa Bay Extended Stay Hotel behaved in a racially discriminatory manner during the COVID-19 pandemic, violating her rights under the Civil Rights Act of 1964, the Federal Fair Housing Act, and the Florida Deceptive and Unfair Trade Practices Act. (Doc. 1.) Williams originally filed this action in state court but removed to this Court, observing that "the alleged violation [was] a federal violation." (Doc. 4-1.) Along with her complaint and notice of removal, Williams filed a motion to proceed in forma pauperis. (Doc. 2).

After reviewing the complaint and the motion, the Magistrate Judge issued a report recommending that this Court remand the action to state court. (Doc. 4.) The fourteen-day deadline for Williams to object to the Magistrate Judge's report has passed (with an

additional three-day period permitted for mailing), and she has not filed an objection. Nevertheless, this Court reviews the Magistrate Judge's legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

After a careful and complete review of the findings and recommendations, the Court concludes that the action should be dismissed for the reasons stated in the Magistrate Judge's Report. (Doc. 4.) The removal statutes do not allow a plaintiff to remove her own case from state court. *See* 28 U.S.C. § 1441(a) (contemplating removal by a state-court defendant only); 28 U.S.C. § 1443 (same); 28 U.S.C. § 1446 (same). Thus, Williams's removal was improper, and this Court must remand it to state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

The following is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 4) is **ADOPTED** and made a part of this Order for all purposes, including appellate review.

2. The Clerk is directed to **REMAND** this action to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

**ENTERED** in Tampa, Florida, on October 18, 2021.

Kathryn Kimball Mizelle
United States District Judge